IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN M. STEVENSON | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | NO. A-09-CA-566 SS |
| | § | |
| THE TEXAS DEPARTMENT OF STATE HEALTH SERVICES and THE TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES; DR. JEFFERY JOSEPHS, Individually, and as an Employee of MHMR; THE HOUSING AUTHORITY OF THE CITY OF AUSTIN [HACA]; MS. SYLVIA BLANCO, Individually and as an Employee of HACA. | § | |
|     *Defendants.* | § | |

**DEFENDANTS TEXAS DEPARTMENT OF STATE HEALTH SERVICES AND
TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES
MOTION TO DISMISS**

Defendants Texas Department of State Health Services ("DSHS") and Texas Department of Aging and Disability Services ("DADS") (collectively, "State Agency Defendants"), file this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and respectfully request the Court dismiss the entirety of Plaintiff's claims against them.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff John M. Stevenson brings this suit pursuant to 42 U.S.C. § 1983; the U.S. Health Insurance and Portability and Accountability Act (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996), as implemented by regulations pursuant to 42 U.S.C. §§ 1320d-1; and the U.S. and Texas Constitutions. *Original Complaint* ¶ 7. Plaintiff claims that the Defendants are jointly and severally liable to Plaintiff for the unauthorized disclosure of his personal medical information. *Id.* ¶ 11.

Plaintiff alleges that he is a recovering alcoholic who has received treatment through

"MHMR," a term which Plaintiff uses to refer to the mental health services allegedly provided by the Texas Department of Mental Health and Mental Retardation, a state agency that ceased operations on Sept. 1, 2004. *See Original Complaint* ¶13 and Introduction. Certain community mental health services provided by the former Texas Department of Mental Health and Mental Retardation are now provided by DSHS and DADS, which are both state agencies.[1] TEX. HEALTH & SAFETY CODE § 1001.002; TEX. HUM. RES. CODE § 161.002. Plaintiff alleges that MHMR employed Defendant Dr. Jeffery Joseph, who was at certain times Plaintiff's treating physician and who directed Plaintiff to exercise and take supplements as part of his treatment. *Id.* ¶ 15. Plaintiff asserts further that he claimed the costs associated with his exercise program and supplements as a deduction from his annual income for purposes of calculating the rent he owed to Defendant Housing Authority of the City of Austin (HACA) for his residence at a HACA housing project, and he also asserts that Dr. Josephs provided prescriptions for the exercise program and supplements so that Plaintiff could receive the rent deduction for these treatments. *Id.* ¶¶ 16-20.

Plaintiff alleges that HACA improperly contacted Dr. Josephs to obtain private information concerning Plaintiff's medical treatment, and he also asserts that Dr. Josephs improperly disclosed Plaintiff's medical information to the HACA representative. *Original Complaint* ¶¶ 26-27. Plaintiff asserts Defendants lacked Plaintiff's consent to disclose his medical information, and that the Defendants' disclosure of the information constituted a knowing, intentional violation of HIPAA, the U.S. and Texas Constitutions, other, unnamed federal and state statutes and common law in

---

[1] Defendants note that Plaintiff does not allege facts demonstrating that he ever received services from either DADS or DSHS, nor does he allege facts demonstrating that Dr. Josephs was ever employed by either DADS or DSHS. Further, the type of mental health services Plaintiff described in his Complaint are also provided by local "MHMR" organizations such as the Austin Travis County Mental Health and Mental Retardation Center, which is not a state agency but is rather a community center established pursuant to Texas law that provides mental health and mental retardation services to the residents at the county level. *See* TEX. HEALTH & SAFETY CODE § 534.001.

general. *Id.* ¶¶ 27, 38-43. Plaintiff claims further that, following an eviction proceeding conducted in Travis County Justice of the Peace Court after Plaintiff failed to pay the full amount of rent required by HACA, the disclosures ultimately led to his eviction from the HACA housing project in which he was living.[2] *Id.* ¶¶ 29-36. Plaintiff claims he suffered emotional distress from these events and brings a claim for Intentional Infliction of Emotional Distress against all Defendants, as well as a claim for Invasion of Privacy. *Id.* ¶¶ 44-47. Plaintiff seeks compensatory and punitive damages against all Defendants, and also seeks injunctive relief. *Id.* ¶¶ 48-53.

## ARGUMENT AND AUTHORITIES

Plaintiff's claims against the State Agency Defendants should be dismissed for two reasons. First, this Court lacks subject matter jurisdiction over the claims made against the State Agency Defendants because they enjoy Eleventh Amendment Immunity from this suit, and Plaintiff has not, and cannot, articulate any valid waiver of that immunity. Second, Plaintiff has stated no claim against the State Agency Defendants upon which relief can be granted, because no private right of action exists under HIPAA, no claim can be made directly under the Constitution against the State Agency Defendants, and the State Agency Defendants are not "persons" capable of being sued under 42 U.S.C. § 1983.

### I.   Standard of Review

A party's motion to dismiss for lack of subject matter jurisdiction is properly made pursuant to Federal Rule of Civil Procedure 12(b)(1). A claim must be dismissed for lack of subject matter

---

[2] Plaintiff appears to have filed, but failed to prosecute, a previous lawsuit in this Court that also arose from his eviction from his HACA residence. *See Stevenson v. Housing Authority of the City of Austin, et al.*, 09-CA-83-SS (W.D. Tex., filed Feb 2, 2009). That suit, which was filed against HACA, Animal Control for the City of Austin and various city officials, was dismissed on May 28, 2009 due to Plaintiff's failure to prosecute and failure to file a court-ordered Rule 7 reply. (See 09-CA-83-SS, Doc. 26).

jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). The party seeking to invoke the Court's subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *Hartford Ins. Group v. LouCon Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

Dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) when a party's complaint fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true and resolves all doubts in the plaintiffs' favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). Although the complaint need not contain detailed factual allegations, it must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must be such that they "raise a right to relief above the speculative level." *Id.*; *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial").

### II.     Eleventh Amendment Immunity bars all of Plaintiff's claims against the State Agency Defendants.

Plaintiff appears to bring claims for both monetary and injunctive relief against the State Agency Defendants under 42 U.S.C. § 1983, for a violation of HIPAA, for violations of the U.S. and Texas Constitutions, for invasion or privacy and for intentional infliction of emotion distress. All of these claims are barred by Eleventh Amendment Immunity.

It is well settled that claims made directly against arms of State, including state agencies, are barred by the Eleventh Amendment unless the State has consented to suit or its immunity has been

expressly abrogated by Congress. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *see also Vogt v. Bd. of Comm'rs*, 294 F.3d 684, 688-89 (5th Cir. 2002) (State's Eleventh Amendment immunity extends to a state agency or entity deemed an arm of the State). The State's immunity from suit extends to claims for both money damages and equitable relief. *Cory v. White,* 457 U.S. 85, 91 (1982); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (the "State cannot be sued directly in its own name regardless of the relief sought").

None of the claims alleged by Plaintiff are ones for which the State's immunity has been abrogated or for which the State has otherwise consented to suit.

First, to the extent Plaintiff makes claims under the U.S. Constitution against the State Agency Defendants, those claims must necessarily be brought under 42 U.S.C. § 1983. *See Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382-83 (5th Cir. 1980) (Congress provided 42 U.S.C. § 1983 as the method for seeking relief against a state official for a federal constitutional violation); *see also Burns-Toole v. Byrne,* 11 F.3d 1270, 1273 n.3 (5th Cir. 1994). Texas, however, has never consented to suit under 42 U.S.C. § 1983 and Congress did not abrogate the State's immunity by enacting section 1983. *See Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.,* 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Accordingly, all of the federal constitutional claims made by Plaintiff, as well as all claims made under section 1983,[3] must be dismissed for lack of jurisdiction.

---

[3] Plaintiff cites 42 U.S.C. § 1988 as another basis for his suit, but that statute is not an independent basis for suit but is merely a procedural statute that provides certain remedies, such as attorney's fees, to a party that prevails under a claim made under section 1983 and various other statutes.

Second, as to Plaintiff's claim that arises out of Defendants' alleged violation of HIPAA, even if this Court were to assume that a private right of action can exist under HIPAA (which it does not), Plaintiff has pled no facts to demonstrate that Congress intended to abrogate the State Agency Defendants' Eleventh Amendment immunity from suit by enacting HIPAA, nor has Plaintiff shown that the State Agency Defendants have otherwise consented to suit under HIPAA.  Accordingly, any claims arising from an alleged violation of HIPAA must be dismissed for lack of subject matter jurisdiction.

Finally, Eleventh Amendment Immunity bars any claim made by Plaintiff in federal court against the State Agency Defendants that arises under state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law"); *see also Lelsz v. Kavanagh*, 807 F.2d 1243, 1252 (5th Cir. 1987) "the only legitimate basis for federal court intervention consistent with the Eleventh Amendment is the vindication of federal rights").  To the extent Plaintiff asserts that the Court may exercise supplemental jurisdiction over his state law claims, the Supreme Court has held that Congress did not abrogate non-consenting states' sovereign immunity in the Supplemental Jurisdiction Act.  *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 541-42 (2002).  Accordingly, all of Plaintiff's claims under the Texas Constitution and all of his state statutory and common law claims, including his claim for intensional infliction of emotional distress (IIED), must be dismissed for lack of subject matter jurisdiction. *See id.; see also Ganther v. Ingle,* 75 F.3d 207, 210 (5th Cir. 1996) (in holding Plaintiff's IIED claim was barred by Eleventh Amendment immunity, also finding that "Section 101.057 of the Texas Civil Practice and Remedies Code provides that any waiver of sovereign immunity does not apply to

claims arising out of intentional torts," such as IIED claims).

Because Plaintiff has pled no claim for which the State Agency Defendants' immunity is waived or for which they have otherwise consented to suit, the Court lacks subject matter jurisdiction over any claims made against DSHS and DADS.

### III.    Plaintiff has failed to state a claim upon which relief can be granted.

Even if the State Agency Defendants did not enjoy immunity as to all of Plaintiff's claims, Plaintiff's complaint should still be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

As an initial matter, Plaintiff cannot state a claim under 42 U.S.C. § 1983 against the State Agency Defendants because a state agency is simply not a "person" capable of being sued under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). To the extent Plaintiff appears to assert the State Agency Defendants are liable for the actions of Dr. Josephs under a *respondeat superior* theory of liability, it is well settled that section 1983 does not allow for recovery under such a theory. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Accordingly, Plaintiff's section 1983 claim, as well as his federal constitutional claims, which necessarily must be made under section 1983, must be dismissed. *See Will*, 491 U.S. at 71.

Furthermore, Plaintiff cannot state a claim under HIPAA because no express or implied private right of action exists under that statute. *Acara v. Banks,* 470 F.3d 569 (5th Cir. 2006). HIPAA generally provides for the confidentiality of medical records and includes civil and criminal penalties for improper disclosures of medical information. 42 U.S.C. §§ 1320d-1 to d-7. However, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services. *Id.* Because of this limitation, the Fifth Circuit has expressly found that Congress intended to preclude

private enforcement of HIPAA through private causes of action. *Acara*, 470 F.3d at 571 ("Because HIPAA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement"). Accordingly, Plaintiff cannot maintain any claim against the State Agency Defendants for a violation of HIPAA. Further, Plaintiff cannot maintain a claim for a general invasion of privacy because HIPAA does not confer a "right" to privacy as to one's medical records. *See id.* ("HIPAA does not contain any express language conferring privacy rights upon a specific class of individuals").

Finally, Plaintiff has simply pled no facts that otherwise state a claim upon which relief can be granted against either State Agency Defendant. Other than a citation to HIPAA, under which no private cause of action exists, Plaintiff cites no specific law or fact to support any claim against the State Agency Defendants. Plaintiff has pled no facts that show that Dr. Josephs ever worked for either DSHS or DADS, nor has he pled any facts to show that DSHS or DADS themselves took any action that caused Plaintiff any particular harm in this matter. Further, Plaintiffs' own pleading demonstrates that his alleged injuries in this matter—which arise from his alleged eviction from the HACA housing project in which he lived—were the result of Plaintiff's admitted non-payment of rent and his inability to provide sufficient documentation to HACA to justify certain rental reductions; that injury was not the result of any alleged act of DSHS or DADS.

Because Plaintiff has wholly failed to state any claim upon which relief can be granted against either DSHS or DADS, they should be dismissed from this matter entirely.

**IV.   Motion, in the Alternative, for a More Definite Statement**

Should the Court determine not to dismiss the Plaintiff's claims based on the grounds set forth above, the State Agency Defendants respectfully request that Plaintiff be ordered to make a

more definite statement pursuant to FED. R. CIV. P. 12(e). As indicated herein, Plaintiff's Complaint fails to make clear what, if any, actions were taken specifically by the State Agency Defendants so as to form a basis for Plaintiff's claims against them.

## CONCLUSION

For the foregoing reasons, Defendants DSHS and DADS respectfully request the court GRANT their Motion to Dismiss and DISMISS Plaintiff's claims against them in their entirety.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

_____
**ERIKA KANE**
State Bar No. 24050850
Assistant Attorney General
General Litigation Division
Post Office Box 12548, Capitol Station
Austin, Texas  78711-2548
512-463-2120 (Telephone)
512-320-0667 (Facsimile)

**Attorneys for Defendants**

**Certificate of Service**

      I certify a true and correct copy of the foregoing document was sent certified mail, return receipt requested, and/or regular U.S. first class mail on September 15, 2009 to:
John M. Stevenson, Pro Se
PO Box 2452
Austin, TX 78768
jmslitigation@yahoo.com

                                          _____
                                          ERIKA KANE
                                          Assistant Attorney General